Filed 11/3/25  P. v. Rodriguez CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E083540 |
| v. | (Super.Ct.No. FWV1100741) |
| DANIEL ROBERT RODRIGUEZ, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of San Bernardino County.  Ingrid Adamson Uhler, Judge.  (Retired Judge of the San Bernardino Super. Ct. assigned by the Chief Justice pursuant to art. VI, § 6 of the Cal. Const.)  Reversed with instructions.

Laura Vavakin, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Charles C. Ragland, Assistant Attorney General, Steve Oetting and Evan Stele, Deputy Attorneys General, for Plaintiff and Respondent.

1

Defendant and appellant Daniel Robert Rodriguez appeals from the order of the San Bernardino County Superior Court denying him a Penal Code section 1172.75 resentencing hearing on the grounds that he is not eligible for relief under that statute.[1] We will find that the trial court's denial was bottomed on its reliance on defendant's abstract of judgment from which the enhancement qualifying him for resentencing relief had been erroneously removed. Accordingly, we will reverse the trial court's order and remand this matter with instructions to hold a resentencing pursuant to section 1172.75.

## BACKGROUND

A jury convicted defendant of six robberies and two attempted robberies. In November 2013, the trial court sentenced him to state prison for a total term of 200 years to life plus a determinate term of 121 years, which included a one-year term for a section 667.5, subdivision (b) (section 667.5(b)) prison prior. Defendant appealed the judgment. (*People v. Rodriguez* (Feb. 27, 2015, E059968) [nonpub. opn.] (*Rodriguez I*).)

1. *In Our Opinion in Defendant's Appeal From the Judgment, this Court Ordered Correction of Errors in the Abstract of Judgment*

One of the issues defendant raised in his appeal from the judgment was that the minute order and abstract of judgment filed in his case did not accurately reflect the trial court's oral sentence. We agreed. Our disposition of the appeal included an order to modify the abstract of judgment to accurately reflect the trial court's oral pronouncement, that is, to strike an entry showing a five-year sentence for a section 667.5(b) prison prior

---

[1] All further statutory references are to the Penal Code. References to rules are to the California Rules of Court.

2

enhancement, to retain the section 667.5(b) entry indicating a one-year term, and to modify the entries for each of three section 667, subdivision (a)(1) (section 667(a)(1)) priors to reflect 40-year sentences, for a total determinate term of 121 years.[2] We otherwise affirmed the judgment in its entirety. (*Rodriguez I*, *supra*, E059968.)

2. *The Problems with Errors in the Abstract of Judgment Continue*

In March 2015, a month after we issued our opinion in *Rodriguez I*, *supra*, E059968 an amended abstract of judgment was filed in defendant's case that corrected the one filed in November 2013 by substituting "1" for "5" as the time imposed for the 667.5(b) prison prior. In the process of modifying the entries for the section 667(a)(1) priors to reflect 40-year sentences, however, the clerk erroneously changed one entry from "667(A)(1)" with a 39-year sentence to "667.5(B)" with a 40-year term.

According to a June 2024 affidavit executed by a deputy clerk of the trial court, a letter from the Department of Corrections and Rehabilitation (CDCR) was received by the trial court on September 3, 2020, which caused a request for further action to be forwarded to Judge Stephan G. Saleson. On September 28, 2020, Judge Saleson made a written order to amend defendant's abstract of judgment, and the new abstract was filed on September 29, 2020. There were no oral proceedings, a minute order was not issued, and there is no written order in the record.

---

[2] When an abstract of judgment does not reflect the actual sentence imposed by the trial court in its oral pronouncement, the reviewing court has inherent power to correct such clerical error on appeal. (*People v. Jones* (2012) 54 Cal.4th 1, 89 (*Jones*).)

3

In the September 2020 abstract of judgment, the entry that had formerly shown a 40-year term for a section 667.5(b) prison prior was changed to reflect that the term was imposed for a section 667(a)(1) enhancement, and the section 667.5(b) prison prior with a one-year sentence was removed.

3. *The Developments Concerning the Elimination of Prior Prison Enhancements Other Than Those Involving Certain Sexually Violent Crimes*

In 2019, the Legislature amended subdivision (b) of section 667.5 (amended § 667.5(b)) to eliminate prior prison term enhancements unless the prior prison term was for specific sexually violent offenses. (Stats. 2019, ch. 590, § 1, eff. Jan. 1, 2020.) The amendment was retroactive to any case in which the judgment was not final. (*People v. Jennings* (2019) 42 Cal.App.5th 664, 682 (*Jennings*).)

In 2022, section 1172.75 became effective.[3] (Stats. 2021, ch. 728, § 3, eff. Jan. 1, 2022.) Subdivision (a) of that provision declares legally invalid any prison prior sentence enhancement defined in amended section 667.5(b) that was imposed prior to January 1, 2020 (often referred to herein as a qualifying enhancement). (§ 1172.75, subd. (a).)

In relevant part, section 1172.75 requires the Secretary of the CDCR to identify persons in their custody currently serving a term for a judgment that includes a prison prior enhancement coming within subdivision (a) of section 1172.75 and to provide the name of each person and other specified identifying information to the sentencing court.

---

[3] At the time of its enactment in January 2021, section 1172.75 was numbered section 1171.1, but was renumbered effective June 30, 2022, with no substantive changes to the statute (Stats. 2022, ch. 58, § 12). For the sake of simplicity, we will refer to the provision by its current number.

(§ 1172.75, subd. (b).) If that court determines a defendant's current judgment includes the enhancement, it must recall the sentence and resentence the defendant. (§ 1172.75, subd. (c).)

4. *The Application of section 1172.75 in Defendant's Case, Resulting in this Appeal*

In May 2023, the trial court received a "Resentencing List" that included defendant's name. In March 2024, the trial court found that defendant's prison prior had previously been stricken and, therefore, he was not eligible for resentencing relief under section 1172.75 and *Rhodius*.[4]

## DISCUSSION

The issue presented on appeal is whether defendant is entitled to a full resentencing hearing under section 1172.75. Resolution of that question depends on whether defendant's qualifying section 667.5(b) prison prior enhancement was extant when section 1172.75 became effective on January 1, 2022, and when the hearing on the issue of his eligibility for resentencing came before the trial court in March 2024. (§ 1172.75, subds. (a), (b) & (c).) We will find that defendant does have a qualifying extant prison prior and is eligible for section 1172.75 resentencing hearing but not for the reasons discussed by the parties.

---

**4** The trial court's mention of "*Rhodius*" (italics added) is undoubtedly a reference to our opinion in *People v. Rhodius* (2023) 97 Cal.App.5th 38, 45, since reversed at *People v. Rhodius* (2025) 17 Cal.5th 1050, 1068, which involved the issue whether section 1172.75 resentencing relief is available in a case in which a qualifying prison prior had been imposed but not executed.

In his brief defendant argues that, even though his qualifying prison prior enhancement was "stricken for unknown reasons in 2020," it nevertheless remains part of his judgment and can be "revived upon resentencing consideration," although he often also addresses the issue as involving a qualifying enhancement for which only the punishment was stayed or stricken. In the alternative, defendant posits that equal protection considerations require a full resentencing hearing for any person who had a section 667.5(b) prior stricken or removed from their abstract of judgment after January 1, 2020. He also claims (without the benefit of a separate heading) that his constitutional due process rights were violated when the trial court "removed a [section] 667.5(b) enhancement, and . . . pronounced a new judgment in his absence and without a hearing.".[5]

The People argue that (i) defendant's prison prior had been entirely stricken before section 1172.75 became effective and, therefore, he is ineligible for resentencing; (ii) there is no equal protection violation because there is a rational basis for the Legislature not extending section 1172.75 resentencing relief to defendants whose current judgment does not include a qualifying prison prior enhancement; and, (iii) defendant has forfeited his claim that his due process rights were violated.

The parties' arguments are based on the premise that after amended section 667.5(b) became effective in January 2020, the trial court struck the qualifying section

---

[5] We remind counsel that rule 8.204(a)(1)(B) requires each point to be stated under a separate heading or subheading summarizing the point.

667.5(b) prison prior enhancement. There is no basis in law or in the record to support that conclusion.

For one thing, it is axiomatic that a trial court does not have fundamental jurisdiction to change the final judgment of defendants after they have started to serve their sentence absent a specific enabling statutory authority allowing it to do so. "Once a criminal defendant's conviction and sentence become final, trial courts lack jurisdiction to revisit that judgment absent a specific, authorized vehicle for doing so; there is no free-floating jurisdiction to revisit a final criminal judgment." (*People v. Esquivias* (2024) 103 Cal.App.5th 969, 976, review granted on a different point, Oct. 2, 2024, S286371; *In re G.C.* (2020) 8 Cal.5th 1119, 1129–1130.)

Amended section 667.5(b) did not confer jurisdiction on the trial court to undertake any change in defendant's sentence. Accordingly, in keeping with the longstanding *Estrada* rule,[6] the statute applied only to those cases in which the judgment was not yet final on the provision's effective date. (*Jennings*, *supra*, 42 Cal.App.5th at p. 682.) In 2020, defendant's judgment imposed in 2013 had long since been final.

In addition, the parties' conclusion that defendant's prison prior had been stricken is bottomed on the facts that (i) the affidavit of the trial court's deputy clerk, which states the trial court received a letter from the CDCR and that on September 28, 2020, Judge

---

[6] *In re Estrada* (1965) 63 Cal.2d 740, 742, 744–745 [a statute that reduces the punishment for an offense will generally apply retroactively only to those cases in which the judgment is not yet final before the effective date of the statute].

7

Saleson made an order to amend the abstract of judgment; and (ii) the abstract of judgment filed on September 29, 2020, did not list defendant's prison prior.

The parties' reliance on those facts as evidence that the trial court struck defendant's prison prior is misplaced. The clerk's affidavit does not say that Judge Saleson ordered a change in defendant's sentence but only that he ordered a change in the abstract of judgment.

And, though the parties are correct that the abstract of judgment filed in September 2020 does not mention the prison prior, that fact is certainly not dispositive of issue whether he had an extant qualifying prison prior at the time of the section 1172.75 hearing. An abstract of judgment is not the judgment of conviction and does not control if it is different from the trial court's oral pronouncement of judgment. (*People v. Mitchell* (2001) 26 Cal.4th 181, 185.) If a judgment does not reflect the oral pronouncement, the discrepancies are presumed to be result of clerical error. (*People v. Leon* (2020) 8 Cal.5th 831, 855.) A court has the power to correct clerical errors in the record at any time. (*Jones*, *supra*, 54 Cal.4th at p. 89; *People v. Boyd* (2024) 103 Cal.App.5th 56, 63.)

The judgment in this case included a prison prior and, as we have discussed *ante*, there is no basis in law or the record to find that the trial court ordered any change to that judgment. Rather, on the record before us, it appears that the trial court received a letter from the CDCR that alerted the trial court of some or all of the aforementioned clerical errors in the 2015 abstract of judgment, the court issued an order to rectify them, and in

8

the course of making the corrections, a clerk mistakenly deleted defendant's qualifying prison prior enhancement carrying a one-year term.

In short, there is simply nothing in the record to support the parties' claims that defendant's qualifying prison prior has ever been stricken from his judgment and, accordingly, he is entitled to a section 1172.75 resentencing hearing.

## DISPOSITION

The trial court's order finding defendant ineligible for resentencing under section 1172.75 is reversed with instructions to recall defendant's sentence and to hold a section 1172.75 resentencing hearing.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

RAMIREZ
P. J.

We concur:

FIELDS
J.

RAPHAEL
J.

9